UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FRANK NUTTALL,

                       Plaintiff,

          vs.

SSB MANUFACTURING COMPANY,

                     Defendant.

**COMPLAINT No.**

22-cv-00045

**REPLY MEMORANDUM OF LAW**

**TO DEFENDANT S**

**MOTION TO DISMISS**

## PRELIMINARY STATEMENT

Defendant acted to remove Plaintiff's instant complaint from state court, on his New York State Human Rights Law claims here to federal court. Defendant then raises three arguments why it should be entitled to dismiss Plaintiff's complaint.

Defendant erroneously asserts that it is entitled to preclusive effect on NYSHRL claims. This is entirely untrue. Defendant imagines that is entitled to this preclusion because 12(b)(6) dismissals are decisions "on the merits." And, because they are decisions "on the merits" they are automatically entitled to preclusive effect. The Supreme Court has directly addressed this question and held that Defendant's position is wrong.

Defendant's motion, to the extent that it is based on any preclusion theories is devoid of merit and should be dismissed.

Defendant also raises a challenge to Plaintiff's discrimination claims on the grounds of "plausibility." In doing so, Defendant ignores the actual standard for a motion to dismiss: "fair notice."

That is the actual test for the validity of the pleading. Does Defendant have fair notice of what the complaint is about? Obviously, the answer is yes.

Plaintiff has alleged that he has a disability. Plaintiff has alleged that he was terminated because of his disability. Defendant knows full well that it terminated Plaintiff. The central question of fact in this case is *why* Defendant terminated Plaintiff. Defendant pretends that Plaintiff must plead very specific facts before Plaintiff is entitled to conduct discovery. The Supreme Court specifically rejects this premise. Plaintiff is entitled to discovery to evaluate Defendant's alleged rationale as to why it terminated Plaintiff. This is the legal standard to determine the sufficiency of a pleading. Defendant has ignored it.

**1. Plaintiff is Disabled Due to Injury Suffered on the Job.**

In support of its assertions that Plaintiff's claim is 'implausible 'Defendant's memorandum of law frequently refers to "conclusory allegations" *see MOL in Support of MTD at 16 § 1 ¶ 2.* It is clear, from this, that Defendant has not bothered to consult a dictionary. The definition of *conclusory* is "expressing a factual inference without stating the underlying facts on which the inference is based."[1] This fact pattern frames the *prima facie* case for discrimination based on disability.

| Point | Fact | Met |
|---|---|---|
| Member of a <u>Protected Class</u> | Plaintiff is a disabled. | √ |
| <u>Qualified</u> to Hold Position | Plaintiff is an accomplished laborer who was hired by the Plaintiff and performed in the position for 9 months with positive employment reviews and feedback from his supervisors. | √ |
| Suffered <u>Adverse Employment Claim</u> | Plaintiff was terminated after sustaining a disabling injury on the job and requesting reasonable accommodation. | √ |
| Adverse Action Occurred Under Circumstances <u>Giving Rise to an Inference of Discrimination</u> | Plaintiff's work is still being done by others who are not disabled and who did not seek reasonable accommodation. | √ |

Plaintiff has made no conclusory allegations. He has alleged that he belongs to a protected class – and identified it. This is an assertion of *fact*. He has alleged that he has suffered an adverse action – and identified it. This is an assertion of *fact*. He has alleged that he was qualified for a job

---

[1] *Black's Law Dictionary*, 8th Edition, Garner, pg. 244.

– based on his tenure in performing it and his good reviews. This is an assertion of *fact*. He has alleged that the work he was doing was still being performed – based on the fact that Defendant offered no indication that his position was being abolished. This is an assertion of *fact*.

These are not conclusions.

From these assertions of fact Mr. Nuttall has established his *prima facie* case from which, by operation of law, a jury is entitled to conclude that Defendant unlawfully discriminated against Mr. Nuttall.

Yet, at the height of irony, Defendant's assertion that these allegations of fact are conclusory allegations *is itself a conclusory allegation*. Defendant alleges, without proof, that these four assertions of fact are instead *conclusions*.

They are not.

This is the crux of Defendant's second fallacy. Defendant obviously believe that they are entitled to invoke the term "conclusory allegation" as if it were some sort of magical talisman that protects them from litigation entirely.

This is not true.

Moreover, the Defendant offers, as pretext, a note that was *sent* to the Plaintiff on December 18, 2018, demanding the Plaintiff "take a drug test and threatening termination if he fails to do so." Unbelievably, this very same letter details the on-the-job injury that led to the disability suffered by the Plaintiff. It is this *same injury* that the Defendant now denies knowledge of. Clearly the Defendant *knew or should have known* that the Plaintiff had been injured and disabled as a result. Additionally, the peculiar (and threatening) language in the letter demonstrates that the Defendant had every intention to terminate the Plaintiff and was simply looking for an excuse to do so. Ironically, the Defendant has offered no evidence that this letter was actually

delivered to the Plaintiff. While we now know the contents of the letter, we have no way of knowing whether the Plaintiff received this letter in a timely fashion, regardless, the letter demonstrates the Defendant had every intent to retaliate *see MOL in Support of MTD at 12 § c ¶ 1.*

The Supreme Court has specifically identified a *prima facie* case that is sufficient to go *to trial*. This bears repeating. The *prima facie* case is sufficient to go *to trial*. That is a much higher standard than a pleading standard. The Supreme Court has specifically identified that a Plaintiff cannot be compelled to plead a *prima facie* case. Yet here, Plaintiff has done so. Thus, Plaintiffs' pleadings are more than sufficient to compel Defendant to answer the complaint and to start discovery.

Therefore, the Defendant's attempt to minimize their own bad actions should compel this court to proceed in this matter and deny the Defendant's Motion to Dismiss.

## LEGAL ARGUMENT

### I.    DEFENDANT IS NOT ENTITLED TO PRECLUSIVE EFFECT FOR FMLA CLAIMS BASED ON A STATUTE OF LIMITATIONS RULING

Defendant argues that a 12(b)(6) dismissal is a judgment on the merits and that that Defendant is therefore entitled to claim preclusion because of this court's prior ruling.

This is incorrect.

As the supreme court has held "[i]mplicit in this reasoning is the unstated minor premise that all judgments denominated 'on the merits' are entitled to claim-preclusive effect. That premise is not necessarily valid."[2]  This is because the "term 'judgment on the merits' has gradually undergone change," and it has come to be applied to some judgments (such as the one involved

---

[2] <u>Semtek Int'l Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497, 501 (2001)

here) that do *not* pass upon the substantive merits of a claim and hence do *not* . . . entail claim-preclusive effect.[3]

"The original connotation of an 'on the merits 'adjudication is one that actually 'passes directly on the substance of a particular claim 'before the court."[4]" In short, it is no longer true that a judgment "on the merits" is necessarily a judgment entitled to claim-preclusive effect."[5]

Where, as here, the issue is one where two different jurisdictions have different statutes of limitations for the same claims, "the traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitation periods."[6]

This bears repeating: dismissal on the grounds of statute of limitations "does not have claim preclusive effect in other jurisdictions with longer, unexpired limitations periods."

This court previously dismissed Plaintiff's federal claims on the grounds of a *300-day* federal statute of limitations.  Defendant now asked this court to also dismiss Plaintiff's state claims which have a *three-year* state statute of limitations on the grounds of claim preclusion. But dismissal on the grounds of statute of limitations "does not have claim preclusive effect in other jurisdictions with longer, unexpired limitations periods."

Plaintiff state claims are longer, and unexpired. Therefore, this court has no authority to grant Defendant any claim preclusive effect.

Defendant's motion is without merit and must be denied.

---

[3] <u>Semtek Int'l Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497, 501 (2001) *citing R. Marcus, M. Redish, & E. Sherman, Civil Procedure: A Modern Approach* 1140-1141 (3d ed. 2000)
[4] <u>Semtek Int'l Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497, 501-2 (2001) *citing Restatement § 19*, Comment *a,* at 161.
[5] <u>Semtek Int'l Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497, 503 (2001)
[6] <u>Semtek Int'l Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497, 504 (2001)

## II.      FAIR NOTICE PLEADING

Defendant, in its memorandum of law does not address the actual standard articulated by the Supreme Court for determining the sufficiency of the complaint. Defendant, instead, relies on Iqbal and Twombly to assert that Plaintiff's complaints are "implausible" rather than applying the actual test which is that they do not have fair notice of what the complaint is about. This is a sophistry that cannot be continents by a court that is expected to do substantial justice to both parties.

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the Defendant fair notice of what the . . . claim is and the grounds upon which it rests."[7] The Supreme Court explicitly states, "specific facts are not necessary." This is a 2007 case from the Supreme Court of the United States of America.

However, Defendant complains that Plaintiff needs to plead more facts. This is untrue.

Nothing in *Iqbal* or *Twombly* allows for a heightened pleading standard. In fact, *Twombly* specifically disavows such a concept.[8]  The Second Circuit erroneously applied such a heightened pleading standard but acknowledged the error as pointed out by the Supreme Court.  Specifically, the Supreme Court in *Swierkiewicz* "characterized our ruling as unwarrantedly imposing a 'heightened pleading standard in employment discrimination cases [that] conflicts with Federal Rule of Civil Procedure 8(a)(2).'"[9] The Second Circuit went on to recite the Supreme Court's commands regarding the standard notice pleading formula "that 'under a notice pleading system,

---

[7] Erickson v. Pardus, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 2200 (2007) *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929, 940, 2007 U.S. LEXIS 5901, *21 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) *internal quotations omitted*.
[8] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 1973 (2007) ("we do not apply any "heightened" pleading standard").
[9] Littlejohn v. City of New York, 2015 U.S. App. LEXIS 13475, *17 (2d Cir. N.Y. Aug. 3, 2015)

it is not appropriate to require a Plaintiff to plead facts establishing a prima facie case.'"[10] Rather "the complaint needed only to 'give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests.'"[11] And thus the allegation '"that [Plaintiff] had been terminated on account of his national origin in violation of Title VII and on account of his age in violation of the ADEA 'gave the employer 'fair notice of what [the Plaintiff's] claims are and the grounds upon which they rest.'"[12]

Nor are *Littlejohn* and *Swierkiewicz* the only cases to reiterate this basic formula of notice pleading. *Twombly* itself uses the same language. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief, 'in order to 'give the Defendant fair notice of what the . . . claim is and the grounds upon which it rests,'"[13] And from *Iqbal* the complaint must make a '"short and plain statement of the claim showing that the pleader is entitled to relief.'"[14] Moreover, "the pleading standard Rule 8 announces does not require 'detailed factual allegations.'"[15]

Yet detailed factual allegations are exactly what Defendant purports to demand from Plaintiff, over-reading the meaning and intent of *Iqbal* and *Twombley*.

The Supreme Court reiterated the same formula again shortly after *Twombly* was decided. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need

---

[10] *Id. at* 18

[11] *Id*.

[12] *Id*.

[13] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

[14] Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009)

[15] Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) *citing Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929

only give the Defendant fair notice of what the . . . claim is and the grounds upon which it rests."[16]

Again, the Supreme Court explicitly states, "specific facts are not necessary."

Justice Stevens enumerated the history of the notice pleading standard in his dissent in *Twombly* itself and it only further reiterates this point.

> Charles E. Clark, the "principal draftsman" of the Federal Rules, put it thus:

> "Experience has shown . . . that we cannot expect the proof of the case to be made through the pleadings, and that such proof is really not their function. We can expect a general statement distinguishing the case from all others, so that the manner and form of trial and remedy expected are clear, and so that a permanent judgment will result." The New Federal Rules of Civil Procedure: The Last Phase--Underlying Philosophy Embodied in Some of the Basic Provisions of the New Procedure, 23 A. B. A. J. 976, 977 (1937) (hereinafter Clark, New Federal Rules).

> The pleading paradigm under the new Federal Rules was well illustrated by the inclusion in the appendix of Form 9, a complaint for negligence. As relevant, the Form 9 complaint states only: "On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, Defendant negligently drove a motor vehicle against Plaintiff who was then crossing said highway." Form 9, Complaint for Negligence, Forms App., Fed. Rules Civ. Proc., 28 U.S.C. App., p 829 (hereinafter Form 9). The complaint then describes the Plaintiff's injuries and demands judgment. The asserted ground for relief--namely, the Defendant's negligent driving--would have been called a "'conclusion of law'" under the code pleading of old. See, *e.g.*, Cook 419. But that bare allegation suffices under a system that "restrict[s] the pleadings to the task of general notice-giving and invest[s] the deposition-discovery process with a vital role in the preparation for trial." *Hickman* v. *Taylor*, 329 U.S. 495, 501, 67 S. Ct. 385, 91 L. Ed. 451 (1947); see also *Swierkiewicz*, 534 U.S., at 513, n. 4, 122 S. Ct. 992, 152 L. Ed. 2d 1 (citing Form 9 as an example of "'the simplicity and brevity of statement which the rules contemplate'"); *Thomson* v. *Washington*, 362 F.3d 969, 970 (CA7 2004) (Posner, J.) ("The federal rules replaced fact pleading with notice pleading").

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 575-76 (2007).  As can be seen from this recitation, *fact pleading* was done away with the federal rules were created. It was replaced with *notice pleading*. As an example of valid notice pleading "form 9" was offered as a demonstration.  That

[16] Erickson v. Pardus, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 2200 (2007) *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929, 940, 2007 U.S. LEXIS 5901, *21 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) *internal quotations omitted*.

form constitutes a complete, *and valid*, complaint under the notice pleading standard – in one sentence comprising less than three complete lines. This demonstrates the simplicity of what the notice pleading requirement is. Defendant's requests for "more facts" have no basis in law.

      The Supreme Court's plausibility standard does not substantially modify notice pleading. In *Twombly* itself, there was found to be no allegation of conspiracy, as required by the statute in question, merely parallel conduct. Likewise, in *Iqbal* there was no allegation that the Atty. Gen. of the United States or the Director of the FBI had any personal involvement with the Plaintiff in that case, as required by the statute in question. It is important to note that in *Iqbal* only the Atty. Gen. of the United States and the Director of the FBI were dismissed from the complaint. Nearly thirty (30) other Defendants remained. Those thirty (30) other Defendants had personal involvement, as required by the statute.

      The test to be applied in this motion to dismiss was whether or not the Defendant had fair notice of what the claims against them were. Defendants *do* have *fair notice* of the claims against them. Consequently, they are obligated to answer.

      Mr. Nuttall has made out a *prima facie* case in his complaint, even though he is not obligated to.

      Moreover, the Defendant's discriminatory animus is revealed in the Defendant's own Memorandum of Law *see MOL in Support of MTD at 20 ¶ 1* which roundly dismisses Mr. Nuttall's claims of sexual harassment for being male and feebly attempts to nullify the causal relationship between the trauma endured as a victim of sexual assault, the Plaintiff's complaint about it, and the subsequent termination of the Plaintiff shortly thereafter. Clearly a temporal proximity caused one event to follow another, and bears examination by a jury.

Mr. Nuttall has alleged that he belongs to several protected classes – and identified them. This is an assertion of *fact*.  He has alleged that he has suffered an adverse action – and identified it. This is an assertion of *fact*. He has alleged that he was qualified for the job – based on his tenure in performing it and his good reviews. This is an assertion of *fact*. He has alleged that the work he was doing was still being performed – based on the fact that Defendant offered no indication that his position was being abolished. This is an assertion of *fact*.

These are not conclusions.  These facts are not implausible.  Something that is plausible is something "appearing worthy of belief."[17]  Contrarywise, something that is implausible is something "appearing *unworthy* of belief."  By operation of law Plaintiff's allegations must be believed.  Therefore, they are, by operation of law plausible.

From these assertions of fact Mr. Nuttall has established his *prima facie* case from which, by operation of law, a jury is entitled to conclude that Defendant unlawfully discriminated against Mr. Nuttall.

### III.    DEFENDANT MISCITES APPLICABLE DISCRIMINATION LAW.

In support of its false assertion is that Plaintiff's claims are "implausible," Defendant grossly misstates the mechanisms created by the Supreme Court to demonstrate the question of unlawful discriminatory intent through circumstantial evidence.  In fact, Defendant wishes this court to ignore the Supreme Court and pretend that exceedingly rare overt evidence of discriminatory intent must be pled in the complaint before Defendant can be compelled to answer the complaint, or discovery conducted, or even a trial. This is entirely untrue and is an effort by the Defendant to undermine and subvert over half a century of Supreme Court jurisprudence.

---

[17] www.merriam-webster.com/dictionary/plausible

Defendant's position is devoid of merit and quite frankly repugnant to national efforts to stamp out unlawful discrimination in this country.  It cannot be countenanced, and Defendant's motion must be denied.

### a.  Purpose of Title VII

Title VII was created to effectuate an important national policy[18]: the elimination of unlawful, arbitrary discrimination throughout the nation's workforce.  "What is required by Congress is the removal of artificial, arbitrary, and unnecessary barriers to employment when the barriers operate invidiously to discriminate on the basis of racial or other impermissible classification."[19]

The Supreme Court finishes this premise with the statement that "[i]n the implementation of such decisions, it is abundantly clear that Title VII tolerates no racial discrimination, subtle or otherwise."[20] In referencing "subtle" discrimination the Supreme Court is alluding to one of the greatest problems that discrimination Plaintiffs face: Employers who discriminate take pains to hide their discriminatory intent.

### b.  Factual Questions of Intent are Difficult to Prove

It is well recognized that questions fact about an individual's intent are very difficult to know or prove.  The Supreme Court used the following colorful description to illustrate the point in *Aikens*: "The state of a man's mind is as much a fact as the state of his digestion. It is true that it is very difficult to prove what the state of a man's mind at a particular time is, but if it can be

---

[18] <u>U.S. Postal Serv. Bd. of Governors v Aikens</u>, 460 US 711, 716, 103 S Ct 1478, 1482, 75 L Ed 2d 403 [1983] ("The prohibitions against discrimination contained in the Civil Rights Act of 1964 reflect an important national policy.")
[19] <u>McDonnell Douglas Corp. v Green</u>, 411 US 792, 801, 93 S Ct 1817, 1823, 36 L Ed 2d 668 [1973].
[20] <u>McDonnell Douglas Corp. v Green</u>, 411 US 792, 801, 93 S Ct 1817, 1823-24, 36 L Ed 2d 668 [1973]

ascertained it is as much a fact as anything else."[21]   And the ultimate burden that the Plaintiff in a disparate treatment discrimination case necessarily includes the discriminatory intent of the employer or the individual bad actors.   But the Defendants in discrimination cases are usually disinclined to admit their discriminatory intent.

### c.   Rarity of Overt Evidence of Discriminatory Intent

Overt evidence of discriminatory intent is rare. The Courts have recognized this fact again and again.  In *Aikens* the Supreme Court stated "all courts have recognized that the question facing triers of fact in discrimination cases is both sensitive and difficult. . .  There will seldom be 'eyewitness 'testimony as to the employer's mental processes."[22]   This statement was reaffirmed by the Supreme Court in *Hicks*.[23]

After all, "[a]n employer who discriminates is unlikely to leave a 'smoking gun, 'such as a notation in an employee's personnel file, attesting to a discriminatory intent."[24] As the Second Circuit summarized succinctly in *Dister v Cont. Group, Inc:*

> "The allocation of burdens and imposition of presumptions in Title VII and ADEA cases recognizes the reality that direct evidence of discrimination is difficult to find precisely because its practitioners deliberately try to hide it. Employers of a mind to act contrary to law seldom note such a motive in their employee's personnel dossier. Specific intent will only rarely be demonstrated by "smoking gun" proof, or by '"eyewitness 'testimony as to the employer's mental processes."[25]

---

[21] U.S. Postal Serv. Bd. of Governors v Aikens, 460 US 711, 716-17, 103 S Ct 1478, 1482, 75 L Ed 2d 403 [1983] *citing Eddington v. Fitzmaurice*, 29 Ch.Div. 459, 483 (1885).

[22] U.S. Postal Serv. Bd. of Governors v Aikens, 460 US 711, 716, 103 S Ct 1478, 1482, 75 L Ed 2d 403 [1983]

[23] St. Mary's Honor Ctr. v Hicks, 509 US 502, 524, 113 S Ct 2742, 2756, 125 L Ed 2d 407 [1993] ("[T]he question facing triers of fact in discrimination cases is both sensitive and difficult. The prohibitions against discrimination contained in the Civil Rights Act of 1964 reflect an important national policy. There will seldom be 'eyewitness' testimony as to the employer's mental processes.")

[24] *Rosen v. Thornburgh,* 928 F.2d 528, 533 (2d Cir.1991)

[25] Dister v Cont. Group, Inc., 859 F2d 1108, 1112 [2d Cir 1988] (*internal citations omitted*)(*collecting cases*)

And again, in *Chambers,* the Second Circuit reiterated "the fact that [e]mployers are rarely so cooperative as to include a notation in the personnel file that their actions are motivated by factors expressly forbidden by law."[26]

Thus, the premise that employers who discriminate actively hide their discriminatory intent is well established.  The *prima facie* case established in McDonnel Douglas is designed to allow a Plaintiff to plausibly allege discrimination where there is no direct evidence of it.

### d.  The Evidentiary Requirements Necessary to Meet the *Prima Facie* Burden

Acknowledging the preceding points; the important purpose of Title VII (and affiliated statutes like the ADA and ADEA); the usual difficulty in proving intent; and the rarity of overt evidence of discriminatory intent, the Supreme Court in *McDonnell Douglass* created a scheme of evidentiary burden shifting that would enable a discrimination Plaintiff to prove the ultimate question – that the employer subjected the employee to an adverse action because of the employer's discriminatory intent – exclusively through circumstantial evidence.

This purpose has been acknowledged again and again by the Supreme Court.  As Justice O'Connor put it, "the entire purpose of the *McDonnell Douglas* prima facie case is to compensate for the fact that direct evidence of intentional discrimination is hard to come by."[27]  The Supreme Court in *Burdine* explained "In a Title VII case, the allocation of burdens and the creation of a presumption by the establishment of a prima facie case is intended progressively to sharpen the inquiry into the elusive factual question of intentional discrimination."[28]

---

[26] Chambers v TRM Copy Centers Corp., 43 F3d 29, 37 [2d Cir 1994] *(citing Ramseur v. Chase Manhattan Bank,* 865 F.2d at 464 and *Thornbrough v. Columbus & Greenville Railroad Co.,* 760 F.2d 633, 638 (5th Cir.1985))
[27] Price Waterhouse v Hopkins, 490 US 228, 271, 109 S Ct 1775, 1802, 104 L Ed 2d 268 [1989]
[28] Texas Dept. of Community Affairs v Burdine, 450 US 248, 260, 101 S Ct 1089, 1097, 67 L Ed 2d 207 [1981]

Under *McDonnell Douglas*, a Plaintiff does not have a heavy burden to raise an inference of discrimination.  The Supreme Court has described the evidentiary burden for a prima facie case as "not onerous."[29] The elements recited in McDonnell Douglass itself were:

> (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open, and the employer continued to seek applicants from persons of complainant's qualifications.[30]

Described more generically and ignoring the chronological order of specific facts, the Plaintiff 1) identified his protected class, 2) identified an adverse employment action that he suffered and 3) disposed of the most common reasons for the adverse employment action.

Defendant's pretend that these elements only apply to a failure to hire.  But they are wrong. In Hicks, the elements were much the same.

> (1) that he is black, (2) that he was qualified for the position of shift commander, (3) that he was demoted from that position and ultimately discharged, and (4) that the position remained open and was ultimately filled by a white man. 756 F.Supp., at 1249–1250.

St. Mary's Honor Ctr. v Hicks, 509 US 502, 506, 113 S Ct 2742, 2747, 125 L Ed 2d 407 [1993].

Likewise in *Reeves*:

> It is undisputed that petitioner satisfied this burden here: (i) at the time he was fired, he was a member of the class protected by the ADEA ("individuals who are at least 40 years of age," 29 U.S.C. § 631(a)), (ii) he was otherwise qualified for the position of Hinge Room supervisor, (iii) he was discharged by respondent, and (iv) respondent successively hired three persons in their thirties to fill petitioner's position. See 197 F.3d, at 691–692.

Reeves v Sanderson Plumbing Products, Inc., 530 US 133, 142, 120 S Ct 2097, 2106, 147 L Ed 2d 105 [2000].

---

[29] Texas Dept. of Community Affairs v Burdine, 450 US 248, 253, 101 S Ct 1089, 1094, 67 L Ed 2d 207 [1981]
[30] McDonnell Douglas Corp. v Green, 411 US 792, 802, 93 S Ct 1817, 1824, 36 L Ed 2d 668 [1973].

It is the common reasons for the adverse action that must be disposed of in a *prima facie* case.

It is perhaps most explicit in *Burdine*. "The *prima facie* case serves an important function in the litigation: <u>it eliminates the most common nondiscriminatory reasons</u> for the Plaintiff's rejection."[31]   *Burdine* was citing a somewhat more convoluted statement from *Teamsters* which culminated with "<u>Elimination of these reasons</u> for the refusal to hire is sufficient, absent other explanation, to <u>create an inference that the decision was a discriminatory one</u>."[32]

This bears repeating.  Elimination of the common reasons for the adverse action creates a discriminatory inference.

Any other articulation of the *prima facie* case deviates from supreme court precedence and cannot be followed. To the extent that Defendant is arguing that the *prima facie* case articulated in *McDonnel Douglas* is no longer controlling because of subsequent caselaw, Defendant is dead wrong.   "[I]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."[33] And a Trial court must "recognize that the motion had to be denied unless and until this Court reinterpreted the binding precedent."[34]

---

[31] <u>Texas Dept. of Community Affairs v Burdine</u>, 450 US 248, 253-54, 101 S Ct 1089, 1094, 67 L Ed 2d 207 [1981]
[32] "Although the McDonnell Douglas formula does not require direct proof of discrimination, it does demand that the alleged discriminatee demonstrate at least that his rejection did not result from the two most common legitimate reasons on which an employer might rely to reject a job applicant: an absolute or relative lack of qualifications or the absence of a vacancy in the job sought. Elimination of these reasons for the refusal to hire is sufficient, absent other explanation, to create an inference that the decision was a discriminatory one."
<u>Intl. Broth. of Teamsters v United States</u>, 431 US 324, 358, 97 S Ct 1843, 1866, 52 L Ed 2d 396 [1977]
[33] <u>Agostini v Felton</u>, 521 US 203, 237-38, 117 S Ct 1997, 2017, 138 L Ed 2d 391 [1997]
[34] *Id*.

A valid discriminatory inference is perforce a <u>plausible</u> one.  Thus, a *prima facie* case meets the plausibility standard enunciated in *Twombley* and *Iqbal*.

### e.   The *Prima Facie* Case is, by Definition, Sufficient to Allow an Inference of Discrimination

A *prima facie* case, by definition, raises an inference of the ultimate fact the case is designed to prove.[35] The Supreme Court's jurisprudence states that *prima facie* cases are sufficient to raise inferences of discrimination.  "Elimination of these reasons for the [adverse action] is sufficient, absent other explanation, to create an inference that the decision was a discriminatory one."[36]

What's more, the Supreme Court in *Burdine* has specifically identified what definition of *prima facie* case it used in *McDonnell Douglas*.

> The phrase "prima facie case" not only may denote the establishment of a legally mandatory, rebuttable presumption, but also may be used by courts to describe the Plaintiff's burden of producing enough evidence to permit the trier of fact to infer the fact at issue. 9 J. Wigmore, Evidence § 2494 (3d ed. 1940). *McDonnell Douglas* should have made it apparent that in the Title VII context we use "prima facie case" in the former sense.[37]

The Supreme Court cites to Wigmore to identify the two types of *prima facie* case: 1) *prima facie* cases that raise permissible inferences AND rebuttable presumptions and 2) *prima facie* cases that raise only permissible inferences.  As the court specifically states "*McDonnell Douglas* should have made it apparent that in the Title VII context we use 'prima facie case' in the former sense."[38]

---

[35] "Evidence that will establish a fact or sustain a judgment unless contradictory evidence is produced." Black's Law Dictionary, 9th Edition, pg. 638.

[36] Intl. Broth. of Teamsters v United States, 431 US 324, 358, 97 S Ct 1843, 1866, 52 L Ed 2d 396 [1977]

[37] Texas Dept. of Community Affairs v Burdine, 450 US 248, 254, 101 S Ct 1089, 1094, 67 L Ed 2d 207 [1981]

[38] Texas Dept. of Community Affairs v Burdine, 450 US 248, 254, 101 S Ct 1089, 1094 n. 7, 67 L Ed 2d 207 [1981]

Turning to Wigmore, it is made plain that "The term 'Prima facie evidence 'or 'Prima facie case 'is used in two senses."[39]  Both raise permissible inferences of the ultimate fact: here, discrimination.  Wigmore then goes on to contrast this with admissible but insufficient evidence.

By definition, a *prima facie* case is sufficient to go to a jury. That means, perforce that a permissible inference of discrimination is also a plausible one Defendant is obligated to answer the complaint.

## CONCLUSION

Plaintiff withdraws his FMLA claims.  This court, therefore, no longer has jurisdiction over the independent state law claims. However, even assuming this court were to exercise jurisdiction over the state law claims, Defendant's motion is devoid of merit. Defendant is not entitled to preclusive effect on the previous decision on statute of limitations grounds. Defendant's argument that Plaintiff's claims are implausible is also devoid of merit. To the contrary Plaintiff has pled sufficient facts to give the Defendant fair notice of what this case is about. Consequently, Defendant is obligated to answer. Defendant's motion should be dismissed in its entirety.

---

[39] The first is where the party has "not only removed by *sufficient evidence* the duty of *producing evidence to get past the judge to the jury*, but has gone further, and, either by means of a presumption or by a general mass of strong evidence, has entitled himself to a ruling that the opponent should fail if he does nothing more in the way of producing evidence" The second is "Where the proponent, having fulfilled that duty, satisfied the judge, and may properly claim that the jury be allowed to consider his case. This *sufficiency of evidence to go to the jury*... is also often referred to as the prima facie case" 9 J. Wigmore, Evidence § 2494 (3d ed. 1940).

DATED:        Buffalo, New York
              April 29, 2022


Respectfully Submitted,
Plaintiff,
By his Attorney,



  **s/ Lindy Korn**
LINDY KORN, ESQ.
Law Office of Lindy Korn, PLLC
Electric Tower, Ninth Floor
535 Washington Street
Buffalo, New York 14203
716-856-5676
716-507-8475 (*facsimile*)
E-Mail: lkorn@lkorn-law.com